Faye M. BARRAS et al., Appellants,

v.

SALT RIVER VALLEY WATER USERS'
ASSOCIATION, an Arizona corpora-
tion, Appellee.

No. 14850.

United States Court of Appeals
Ninth Circuit.

July 5, 1957.

Writ of Certiorari Denied
Dec. 9, 1957.

See 78 S.Ct. 262.

Herbert B. Finn, Shute & Elsing, Phoenix, Ariz., for appellants.

Jennings, Strouss, Salmon & Trask, Richard G. Kleindienst, Irving A. Jennings, Phoenix, Ariz., for appellees.

Before STEPHENS, POPE and FEE, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

Thirty-five women brought action against Salt River Valley Water Users' Association, under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., for unpaid wages. It was alleged each was respectively an employee of the Association and that the latter refused to pay anything for services of any of them. The Association filed answer denying that any one of these women was its employee. It alleged that any work or service performed by any of these women was done without knowledge of the Association, was voluntary, and was performed without expectation of compensation by the particular woman.

At the trial, it was shown that waters are collected by the Association from a 13,000 square mile watershed and converge at Granite Reef Dam, near Phoenix, Arizona. From this dam, the water is diverted into canals. Through the canals, the water flows into laterals and ditches. Thereby it is distributed to lands of farmers and other users. This water is augmented by an additional supply obtained by pumping.

The area controlled by the Association was divided into sixty-two divisions, each in charge of a zanjero,[1] who was admittedly an employee of the Association. It was his responsibility to see that the water was delivered to the user in such quantities and at such times as the user might order.

Each woman plaintiff was the wife of a zanjero, and lived with him at the house provided by the Association. The zanjero was required to live at his station and to have access to a telephone. He was not required to be married, but practically all of them were. At the stations where the zanjeros and their wives lived, the Association had telephones, some office equipment and office files.

Witnesses for plaintiffs, some wives, testified that they had answered many business telephone calls each day and transmitted business information to users and employees of the Association by telephone and otherwise. Some wives kept various records and made written reports for the zanjeros and did filing work. In some instances, a woman might do work for her husband in the field, turning in water, making farm changes, operating gates and cleaning ditches.

There was the contention that a zanjero could not operate his division without the help of his wife. The officers and employees of the Association knew in a general way that the wives helped their husbands more or less. It was claimed that the Association required the wives to work, for, if the work were not done, the zanjero would be let go.

There was no evidence of any contract of employment between any of these wives and the Association. It was the contention of plaintiffs that the common law rules of employment did not apply and that the Association consented "to suffer or permit"[2] these wives to perform work for it.

The trial court found:

"The zanjero wife, including these women plaintiffs, were not required by defendant to perform any duties as a condition of their husband's employment. Plaintiffs received no instructions from defendant; and defendant had no policy whereby it requested the zanjero to instruct his wife with respect to duties to be performed by her. Defendant exercised no control over plaintiffs with respect to the manner in which they used their time or with respect to their activities; plaintiffs at all times were at liberty to, and did leave the premises at any time and it was not necessary for plaintiffs to notify defendant at any time

---

1. A ditch rider or water-tender.

2. Fair Labor Standards Act, § 3(g), 29 U.S.C.A. § 203(g).

concerning such departures; some wives, including some plaintiffs, were employed regularly away from the divisions by persons other than defendant with or without the knowledge of defendant, and without objection by the defendant."

"Any work performed by zanjero wives, including plaintiffs, for the benefit of defendant was work performed voluntarily, unknown to the defendant, and not under the direction and control of defendant, but at the request of their husbands. The extent of the assistance of the zanjero wife to the husband was controlled by the husband; in many cases the wife did not in any manner assist the husband in the performance of his duties; in other cases the husband induced the wife to assist him in varying degrees. Assistance by the wife or other members of the family was not necessary for the efficient performance of the zanjero's duties. All such work performed by plaintiffs was work for which the husband was paid by defendant pursuant to the terms and conditions of the collective bargaining agreement between the defendant and the zanjeros."

The trial court concluded:

"Defendant did not at any time material herein, suffer or permit plaintiffs to work for it, and, therefore, defendant did not employ plaintiffs.

\*    \*    \*    \*    \*

"In that defendant did not employ plaintiffs, the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A., Sec. 200 [sic], et seq., are not applicable."

These findings must be affirmed.[3] There is no error. This Court is of opinion no mistake was made.

Affirmed.

3. Rule 52, Federal Rules of Civil Procedure, 28 U.S.C.A.